DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:95 CR 125 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Andre Badley, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I. Introduction

The defendant, Andre Badley, is presently serving a life sentence without the hope of parole following his convictions for possessing with intent to distribute 114.33 grams of crack cocaine, and possession with intent to distribute 123.49 grams of powder cocaine. Due to the defendant's prior record, he received an enhanced sentence of life in prison without parole.

At the time of his sentence, he was 24 years of age.

Since his conviction and sentence to life in prison without the hope of parole, a number of events have taken place. First, in recognition of the disparity between guideline calculations for crack cocaine versus powder cocaine, the United States Sentence Commission adopted Amendment 706 which had the effect of reducing some, but not all, crack cocaine sentences. Then, the Congress of the United States, enacted the Fair Sentencing Act of 2010 which had the effect of decreasing the penalties with respect to crack cocaine offenses.

On July 6, 2010, the Supreme Court of the United States declared that state sentences requiring a life sentence for convicted juveniles for other than homicide offenses and without the

(1:95 CR 125)

hope of parole, violated the Eighth Amendment to the Constitution because such a sentence constituted cruel and unusual punishment. *See Graham v. Florida*, 130 S.Ct. 211 (2010).

The defendant, Andre Badley, now seeks a determination that he too should be released from the requirement to serve the balance of his life in prison without the hope of parole.

The initial question confronting the Court, is whether it has jurisdiction to consider Mr. Badley's argument anchored in the above-described events, and in particular, the adoption of the Fair Sentencing Act of 2010 and the decision of the United States Supreme Court in *Graham v. Florida*, *supra*.

II. A History of the Prosecution and Sentencing of Andre Badley

The history involving the prosecution of the defendant for an Indictment filed in 1995 is extensive. On March 21, 1995, the Grand Jury returned a three-count Indictment as follows:

Count 1

> That on or about November 4, 1994, in the Northern District of Ohio, Eastern Division, ANDRE BADLEY, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that is to say, Trafficking in Drugs, in case number CR290301, in the Court of Common Pleas, Cuyahoga County, Ohio, on March 22, 1993; Drug abuse, in case number CR285141, in the Court of Common Pleas, Cuyahoga County, Ohio, on March 22, 1993; and Drug abuse, in case number CR286955, in the Court of Common Pleas, Cuyahoga County, Ohio, on March 22, 1993; did knowingly possess in and affecting commerce, a firearm, to wit: a Smith & Wesson, model 3914, 9mm pistol, serial number TFA2548; and a Para Ordnance, .45 caliber pistol, serial number PG003168, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Count 2

On or about February 28, 1995, in the Northern District of Ohio,

2

(1:95 CR 125)

>Eastern Division, the defendant, ANDRE BADLEY, did knowingly and intentionally possess with intent to distribute approximately 114.33 grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance; in violation of Title 21, Section 841(a)(1), United States Code.

>Count 3

>On or about February 28, 1995, in the Northern District of Ohio, Eastern Division, the defendant, ANDRE BADLEY, did knowingly and intentionally possess with intent to distribute approximately 123.29 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance; in violation of Title 21, Section 841(a)(1), United States Code.

The Court granted the defendant's motion to sever (Doc. 18) Count 1 from Counts 2 and 3 and proceeded with trial on Count 1 (Doc. 46).

Prior to the severance, the Court conducted a suppression hearing and denied the defendant's motion to suppress evidence seized from the person of the defendant and his residence, but granted the defendant's motion to suppress evidence seized as a result of a search of 6728 Bayliss Avenue. (Doc. 43). The government filed an interlocutory appeal challenging the Court's granting of the defendant's motion to suppress (Doc. 47). In the meantime, the Court tried the defendant on Count 1 only, and the defendant was acquitted on August 1, 1995.

Subsequently, on December 19, 1996, the Sixth Circuit reversed the Court's decision suppressing evidence located as a result of the search of 6728 Bayliss Avenue. (Doc. 73).

The subsequent attempt of the defendant to challenge the Sixth Circuit's decision by a writ of certiorari to the Supreme Court failed in April of 1997.

The Court then conducted the trial of the defendant on Counts 2 and 3 of the Indictment

3

(1:95 CR 125)

and he was convicted of both counts by the jury on June 18, 1997.

The defendant was sentenced on September 18, 1997 to life in prison without parole. The conviction and sentence were subsequently affirmed by the Sixth Circuit Court of Appeals in 1999. Doc. 149.

Thereafter, the defendant's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. 155) was denied.

On November 16, 2000, the Court denied Badley's habeas corpus petition. (Doc. 172). On October 7, 2001, the Sixth Circuit affirmed the Court's decision regarding habeas relief. Doc. 183. Years passed.

### III. New Efforts by Andre Badley

On April 7, 2008, the defendant filed a *pro se* motion for Retroactive Application of Sentencing Guidelines involving crack cocaine offenses based on Amendment 706 to the Sentencing Guidelines. (Doc. 185).[1] Subsequently, the Federal Defender's Office for the Northern District of Ohio moved for an appointment of counsel for the defendant to support his motion for a reduction of his sentence. Doc. 186.

The Court appointed Federal Defender Dennis Terez to represent the defendant.

On May 16, 2008, counsel for the government filed a response in opposition to the defendant's motion for a reduction of his sentence. Doc. 187

On May 29, 2008, the Court published an order (Doc. 188) directing the Federal Defender to respond to the government's opposition and specifically requested the Federal

---

[1] The ten-page motion was styled "Motion for Reduction of Sentence Based on Guideline Amendment 706 Effective November 1, 2007."

4

(1:95 CR 125)

Defender to agree or disagree with the position taken by the government, and to respond to the question of whether the defendant had standing at this time to file an application for relief pursuant to § 2255. Finally, the Court asked the public defender to undertake an effort with the Bureau of Prisons to determine how many defendants, in addition to the defendant Andre Badly, are presently serving a mandatory minimum life sentence.

On July 24, 2008, the Court filed an order acknowledging that it had received a three-page hand-written letter by the defendant, and as a consequence, the Court requested that the Federal Defender's office examine the issue of whether the defendant is entitled to any relief because of Amendment 706 reducing the offense level by two levels where the defendant was previously convicted of an offense involving crack cocaine. Doc. 189.

On June 3, 2010, counsel for the defendant filed a motion seeking a reduction of the defendant's life in prison sentence pursuant to 18 U.S.C. § 3582(c)(2).[2] (Doc. 194). The response filed on behalf of Mr. Badley on June 3, 2010, Doc. 194, states in relevant part:

> Mr. Badley has been sentenced to life in prison under 21 U.S.C. Section 841 and 851. There are significant policy reasons why a reduction in his life sentence is warranted and appropriate. Mr. Badley is one of thousands -- literally -- who is currently serving a life sentence in federal prison for offenses relating to drugs. Attached to this memorandum are various statistics relating to

---

[2]18 U.S.C. Section 3582(c)(2) provides:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

5

(1:95 CR 125)

> demographics of the current Bureau of Prisons population. Based on records received from the office of General Counsel for the Department of Justice, the Bureau of Prisons currently has 2,454 inmates serving a life sentence for drug related offenses. This is over 40% of the total of 6,9055 total inmates serving life sentences in the Bureau of Prisons. Currently, the average monthly cost for imprisonment of a single inmate is $2,157.88, or $25,894.56 per year. By multiplying the average yearly cost per inmate by the number of inmates serving a life sentence for drug related offenses (2,454 x $25,894.56), the government spends $63,545,250.24 every year on imprisoning inmates serving a life sentence for drug related offenses.

### IV. The Government's Opposition

As a consequence, the Court filed an order on June 4, 2010 (Doc. 195) granting counsel for the government leave to file a memorandum, either in support of or in opposition to the defendant's motion by July 16, 2010, and provided that the defendant would have leave to August 6, 2010 to file a reply brief.

On July 6, 2010, the government filed what is styled as its' "second response" to the opposition to motion for a retroactive application of Sentencing Guidelines to crack cocaine offenses. Doc. 196.

On August 6, 2010, counsel for the defendant filed a reply brief in support of the motion for retroactive application of the Sentencing Guidelines to crack cocaine offenses. Doc. 197.

On August 9, 2010, the Court filed an order acknowledging the defendant's reply brief and granting the government leave to file an additional response by Friday, August 20, 2010, and indicated in its order that the Court was not asking the government to relinquish its position that the existing life sentence was required. Doc. 198. On August 20, 2010, the government filed a reply brief opposing the sentencing reduction. Doc. 199.

(1:95 CR 125)

### V. The Court's Consideration of *Graham v. Florida*.

On August 31, 2010, the Court filed a new order (Doc. 200) which stated in part as follows:

> The Court recognizes that the Congress has provided for the mandatory life sentence applied in this case. The Congressional legislation requiring such a sentence of life in prison was adopted long before the recent decision in the case of *Graham v. Florida*, 130 S.Ct. 2011 (2010) in which the Supreme Court of the United States found that the Eighth Amendment prohibited imposition of a life sentence without parole on a juvenile offender who did not commit homicide.
>
> The question that the Court now wishes counsel to address is whether the Congressional mandate of a life sentence without the possibility of parole for the commission of a drug offense not involving homicide also offends the Eighth Amendment prescription against cruel and unusual punishment.
>
> Consequently, counsel for the defendant is granted leave to file a brief on the subject raised by the Court by October 1, 2010 and counsel for the government is granted leave until October 22, 2010 to file a brief in opposition to the defendant's brief.
>
> The Court recognizes that the Court is injecting a new issue into the request of the defendant to be re-sentenced, but the Court is of the view that the recent Supreme Court decision in *Graham v. Florida, supra.* suggests such a review by this Court prior to ruling on the defendant's motion for a reduction of his sentence. What has changed since the original sentence was pronounced is the fact that the Congress has modified the sentencing requirements with respect to crack cocaine. Secondly, the Supreme Court has recognized that a sentence of life in prison may constitute cruel and unusual punishment in the absence of any proof of a homicide.

The defendant's brief addressing the Eighth Amendment issue pursuant to the Court's order of August 31, 2010 was filed on October 1, 2010. Doc. 201. In the brief, counsel for the defendant argued that the Supreme Court's decision in *Graham v. Florida, supra,* recognized a

7

(1:95 CR 125)

new right that the defendant now asserts and provides jurisdiction for this court under the provisions of 28 U.S.C. § 2255(f)(3) which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; ...

The government's response in opposition to the defendant's brief was filed on October 19, 2010. Doc. 202. In its brief, the government contends that the defendant is not entitled to relief under the provisions of 18 U.S.C. § 3582. Second, the government contends that the defendant has not received permission to file an successive 2255 petition. Third, that even if the defendant's "successive 2255 petition was properly filed" his claims are not properly cognizable in a successive 2255 petition and in conclusion contends that the congressional mandate of a life sentence without parole for the commission of a drug offense not involving homicide does not offend the Eight Amendment prescription against cruel and unusual punishment. In support of that argument, the government cited *Harmelin v. Michigan*, 501 U.S. 957, 959, 111 S. Ct. 2680 (1991)[3], *United States v. Hill*, 30 F.3d 48, 50 (6th Cir. 1994)[4], *United States v. Graham* __ F.3d

---

[3] Harmelin's state sentence for life in prison without the possibility of parole was affirmed in 1991 and involved the crime of possession of more than 650 grams of cocaine. The Eighth Amendment claim was not allowed.

[4] The Sixth Circuit held in 1994 that the defendant's mandatory life sentence without release upon a third felony drug conviction did not violate the Eighth Amendment.

(1:95 CR 125)

__, 2010 WL 3632149 (6th Cir. 2010)[5], *United States v. Odeneal*, 517 F.3d, 406, 414 (6th Cir. 2008)[6], *United States v. Stone*, 218 F. Appx. 425 (6th Cir. 2007)[7], *United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998)[8].

Finally, in support of the government's position, counsel points out that the defendant was a 24 year old adult offender with ten drug-law adjudications and convictions at the time of

---

[5]The Sixth Circuit's divided opinion in *United States v. Graham* was decided in an opinion filed on September 21, 2010 following the Supreme Court's decision in *Graham v. Florida*. The majority decision was written by Circuit Judge Karen Moore and she acknowledged the teachings of *Graham v. Florida*, but declined to set aside the life sentence without parole for the adult defendant on the basis of the Eighth Amendment attack. Judge Merritt dissented and declared:

> My view in this case of first impression in this Circuit is that the sentencing of this nonviolent, 30-year old petty drug trafficker to life imprisonment by using a juvenile conviction as a necessary third strike not only violates clear congressional intent revealed by clear rules of statutory construction but also violates sound principles of penological policy based on the Eighth Amendment values recently outlined by the Supreme Court in *Graham v. Florida*, -- U.S. --, 130 S. Ct. 2011, 176 L.Ed.2d 825 (2010).

[6]A majority of the court set aside the convictions and sentences imposed on defendants Odneal and Andres due to a *Batson* violation. With respect to the life sentence imposed on Andres, the court rejected the Eighth Amendment claim of Andres in a decision published in 2008.

[7]In a 2007 opinion, the Sixth Circuit rejected an Eighth Amendment claim to a life sentence for a defendant convicted of a drug distribution conspiracy and who had two prior felony drug convictions.

[8]The 1997 conviction of Flowal was sustained, but a majority of the court remanded for a new sentencing hearing and in the process declared:

> In the present case, the defendant had two prior drug convictions of which prior notice was given to the court and to the defendant. We have already held that this matter must be remanded to the sentencing court for a determination of whether the offense of conviction involved at least 5,000 grams of cocaine. Should the district court determine that the offense involved 5,000 grams of cocaine, the circumstances underlying this defendant's conviction are more egregious than those that justified the life sentence imposed in *Harmelin* and are very similar to those in *Hill*. Defendant's Eighth Amendment challenge would, in that case, be without merit.

(1:95 CR 125)

his sentencing when he was, by that time, 24 years of age, and that all three felony convictions used to enhance his sentence were adult adjudications at the age of 19, as was the instant federal adjudication at the time when the defendant was 21. Counsel for the government also points to the fact that the Fair Sentencing Act of 2010 is not retroactive and thus does not apply to defendant's sentence.

## VI. The Court's Rulings

First, the Court, after examining the totality of the papers filed during this lengthy process, to some extent initiated by the Court, does not require a ruling by the Court that the filings in support of the defendant Badley constitute a successive § 2255 petition.

Secondly, the defendant is not entitled to relief by reason of the adoption of Amendment 706 by the Sentencing Commission. He is not eligible for relief because he is serving a mandatory life sentence and the offense level was not controlling. The teachings of *United States v. Perdue,* 572 F. 3d 288 (6th Cir 2009) and its progeny apply.

Third, Badley is not entitled to relief due to the adoption of the Fair Sentencing Act of 2010 as it was not made retroactive and does not address the validity of previously imposed life sentences based on crack cocaine convictions.

Fourth, Badley is not entitled to relief by the application of 18 U.S.C. § 3582(c)(2).

The fact that the Court delayed in ruling on Badley's application for sentencing relief pursuant to Amendment 706 may arguably have given the Court jurisdiction to consider the issue of whether Badley's life sentence without the possibility of parole violates the Eighth Amendment in view of the recent decision in *Graham v. Florida*, *supra*.

(1:95 CR 125)

Consequently, assuming the Court has jurisdiction to consider the Eighth Amendment issue, the Court finds it is bound by the recent Sixth Circuit decision in *United States v. Graham, supra*, which rejected the Eighth Amendment argument under circumstances similar to the facts surrounding Badley's conviction and sentence.

The Court will publish an entry denying Badley relief with respect to his application for relief pursuant to Amendment 706, denying Badley relief pursuant to the Fair Sentencing Act of 2010 and denying Badley relief on the basis that his life sentence without parole violates the Eighth Amendment as this Court is bound by Sixth Circuit jurisprudence to the contrary.[9]

IT IS SO ORDERED.

| | |
|---|---|
| October 22, 2010 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | United States District Court |

---

[9] The Court is of the view that the Supreme Court will visit within the next decade the issue of whether mandatory life sentences for non-violent crimes committed by adults offends the prohibition against cruel and unusual punishment enshrined in the Eighth Amendment. However, I am reluctant to predict the outcome of such a review. Were this Court a member of the Supreme Court, this Court would follow the reasoning of Justice Kennedy in *Graham v. Florida* and conclude that such a sentencing regime that resulted in the defendant's life sentence does violate the Eighth Amendment, but decline the opportunity to spell out the procedures for such a necessary re-sentencing in the belief that the Congress or the state legislative bodies would be better equipped to create the sentencing procedures.

However, in this case, the Court is constrained by the repeated teachings of the Sixth Circuit and in particular the opinion in *Graham v. Florida, supra*. Additionally, the Court questions whether it has jurisdiction to grant the relief sought by the defendant. As indicated, assuming the Court had jurisdiction, it would deny the requested relief based on the Eighth Amendment.