DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Andre Badley, | ) | |
| | ) | CASE NO. 1:12 CV 1647 |
| Petitioner-Defendant, | ) | (Criminal Case No. 1:95 CR 125) |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | O R D E R |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

I. Introduction

The petitioner, Andre Badley, (hereafter Badley) is serving a life sentence.  On June 26, 2012 Badley filed a *pro se* habeas petition.[1]  Badley contends that his defense counsel provided ineffective assistance of counsel "during plea negotiations where (sic) counsel failed to inform Badley about a formal government plea offer and failed to inform Badley that the government had filed a § 851 notice to enhance his sentence."

Badley continued with the following allegation:

> Badley contends that ineffective assistance of counsel occurred when Badley met with his defense attorney, Terry Gilbert, in the bullpen of the federal courthouse prior to a scheduled preliminary hearing.  During their meeting, Gilbert, in an off-handed, matter-of-fact manner asked Badley "would you take 20 years?"  Badley responded that he would have to think about it.  However, counsel failed to inform Badley that the United States Attorney's Office had actual [sic] made a formal plea offer to him for a 20-year sentence.  Badley regarded counsel's off-handed question as simply a means of trying to determine an informal ceiling on the amount of time that Badley would be willing to accept and to give

---

[1]The Federal Defender's Office is now representing the petitioner.

(1:12 CV 1647 and
1:95 CR 125)

>counsel some guidance in his future dealings with the Assistant
>U.S. Attorney with regards to any plea negotiations.  This
>perception was bolstered by the fact that prior to his first trial on
>the gun possession charge, Gilbert had asked Badley several times,
>in the same off-handed, matter-of-fact manner, what type of plea
>deal Badley would be willing to accept, even though no plea offer
>had been extended to Badley (at least not to Badley's knowledge).

Against the background of those allegations, Badley refers the Court to the recent

decision in *Missouri v. Frye*, 566 U.S. __, 132 S.Ct. 1399 (2012) in which the Supreme Court

ruled that defense counsel has the duty to communicate formal offers from the prosecution to

accept a guilty plea on terms and conditions that may be favorable to the accused and when

defense counsel fails to advise the defendant of the offer or allowing him to consider it, defense

counsel did not render the effective assistance that defense counsel requires.

Continuing, Badley alleges that "Gilbert's failure to inform Badley about the formal plea

offer resulted in Badley being unaware that he had for consideration the offer of a 20-year

sentence by accepting the plea offer rather than suffering a potential life sentence if he proceeded

to trial.

The record in this case reflects that Badley went to trial, was convicted by the jury and is

now serving a life sentence.

<u>II.  A Historical Review of the Events in this Case</u>

On March 21, 1995, a three-count indictment was returned against Badley.  The first

count charged him with possession of a firearm as a convicted felon.  Counts 2 and 3 charged

Badley with knowingly and intentionally possessing with intent to distribute 114.33 grams of

crack cocaine and Count 3 charged him with knowingly and intentionally possessing with intent

(1:12 CV 1647 and
1:95 CR 125)

to distribute approximately 123.29 grams of cocaine.

On June 21, 1995, the Court granted the defendant's motion to sever Count 1 from Counts 2 and 3.

Prior to granting a severance of the three counts, this court denied the defendant's motion to suppress evidence seized on November 4, 1994 from the person of the defendant in the residence at East 13th Street, but continuing, the Court granted the defendant's motion to suppress evidence seized as a result of a search of 6728 Bayliss Avenue on February 28, 1995. On June 28, 1995, the government challenged the Court's suppression order by filing an interlocutory appeal with the Sixth Circuit.

Badley proceeded to trial on Count 1 proceeded to trial on July 31, 1995 and was acquitted by the jury on on August 1, 1995.

On December 19, 1996, the Sixth Circuit reversed this Court's previously entered suppression order and remanded for further proceedings.  *See* United States Court of Appeals case number 95-3743.

As a consequence, Badley went to trial on Counts 2 and 3 of the indictment.  He was convicted following a jury trial on June 18, 1997 and received a life sentence which was subsequently affirmed on appeal.

On March 30, 2000, Badley filed a petition for habeas relief pursuant to 28 U.S.C. § 2255.  On November 16, 2000, this Court denied Badley's petition for habeas relief.  Badley's subsequent appeal failed.

On April 7, 2008, a motion was filed for retroactive application of sentencing guidelines

3

(1:12 CV 1647 and
1:95 CR 125)

to crack cocaine offenses filed by Badley in a *pro se* capacity.  On October 22, 2010, the Court

denied the motion for a reduction of his sentence based on the Fair Sentencing Act.  On

November 1, 2010, Badley filed a notice of appeal with the Sixth Circuit.  On May 25, 2012,

the Sixth Circuit affirmed the Court's judgment denying Badley's motion to reduce his sentence

regarding the crack cocaine offense.

On June 26, 2012, a subsequent motion to vacate under the provisions of 28 U.S.C. §

2255 was filed by Badley.

On July 2, 2012, the government filed a motion to transfer the most recent § 2255 motion

to the circuit.  ECF 213.

On July 27, 2012, the Court published an order denying the government's motion to

transfer the petition for relief to the Sixth Circuit.  ECF 26.  On August 10, 2012, the government

filed a motion to dismiss the defendant's motion pursuant to 28 U.S.C. § 2255.  ECF 219.

The Court presently has a status conference scheduled for October 23, 2012 to consider

the motion of Badley to hold the briefing schedule in abeyance and the request for leave to

conduct discovery.  ECF 17.

### III.  The Interplay Between *Missouri v. Frye, supra* and<br>*United States v. Dabelko*, 154 F.Supp. 2d 1156 (N.D.Ohio 2000)

It is possible that Badley has been encouraged by the recent decision in *Missouri v. Frye*

to submit the allegation that he was denied the effective assistant of counsel due to the alleged

failure of his assigned counsel to communicate the government's alleged offer to permit the

defendant to enter a plea of guilty with an accompanied sentence less than the life sentence that

4

(1:12 CV 1647 and
1:95 CR 125)

resulted from Badley's trial.  The Court draws the attention of counsel, and possibly the Sixth

Circuit Court of Appeals, to the interplay between  *Missouri v. Frye* and this Court's decision in

*Dabelko*.

      In an unpublished decision, the Sixth Circuit vacated and remanded to this district court

the dismissal by former Judge George White of Dabelko's claim that he had been denied the

effective assistance of counsel when Dabelko's trial counsel failed to communicate a

government plea offer to Dabelko's trial counsel.

      In remanding the *Dabelko* case to this district court in an unpublished decision, the Sixth

Circuit opined as follows:

> To establish his ineffective assistance of counsel claim, petitioner
> must first "show that counsel's representation fell below an
> objective standard of reasonableness."  <u>Next he must "establish
> that there is a reasonable probability that, but for the incompetence
> of counsel, he would have accepted the ... offer and pled guilty.</u>"
> *Turner v. State*, 858 F.2d 1201, 1206 (6th Cir. 1988), *vacated on
> other grounds*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559
> (1989); *see Hill v. Lockhart*, 474 U.S. 52, 57, 106 St. Ct. 366, 88
> L.Ed.2d 203 (1985).  <u>Plaintiff must show this by objective
> evidence</u>.  *See Turner,* 858 F.2d at 1206; *Hill*, 474 U.S. at 59-60,
> 106 S.Ct. 366.  Then, the government may show by "clear and
> convincing evidence that the trial court would not have approved
> the plea agreement."  *Turner*, 858 F.2d at 1209.  If petitioner were
> to establish the bases for showing ineffective assistance of counsel,
> the remedy for such violation would then have to be considered,
> including whether a new trial should be ordered.  *See id*. at 1207-
> 09.  <u>Under the unique facts of that case if relief were to be ordered,
> a hearing might be required "at which the [government] is required
> to show why its former offer ... should not be reinstated.</u>"  *Id*. at
> 1209.  (Emphasis added.)

This Court then conducted the evidentiary hearing ordered by the Sixth Circuit and

(1:12 CV 1647 and
1:95 CR 125)

denied relief to Dabelko.[2]

### IV.  The Requirements of 28 U.S.C. § 2244 With Respect to a Second or Successive Habeas Corpus Application

28 U.S.C. § 2244 states in part as follows:

(a)  No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[2]However, as a consequence of the teachings and result in the Dabelko case, this branch of the court now routinely inquires about whether there have been guilty plea negotiations and whether a proposed guilty plea agreement has been tendered to defendant's counsel. If so, the Court then requires defense counsel to indicate that he has received the proposed guilty plea agreement and discuss the same with his client.  The Court then inquires of the defendant if he has had the opportunity to review the proposed plea agreement with his counsel and if he understands the proposal.  Once the defendant acknowledges that he understands the proposal and wishes to go to trial rather than accept          the proposal, I then require the proposed plea agreement to be initialed by the parties and             then sealed.  The Court does not review the proposed plea agreement.

6

(1:12 CV 1647 and
1:95 CR 125)

(ii)  the facts underlying the claim, if proven and viewed in light of
the evidence as a whole, would be sufficient to establish by clear
and convincing evidence that, but for constitutional error, no
reasonable factfinder would have found the applicant guilty of the
underlying offense.

(3)(A)  Before a second or successive application permitted by this
section is filed in the district court, the applicant shall move in the
appropriate court of appeals for an order authorizing the district
court to consider the application.

(B)  A motion in the court of appeals for an order authorizing the
district court to consider a second or successive application shall
be determined by a three-judge panel of the court of appeals.

(C)  The court of appeals may authorize the filing of a second or
successive application only if it determines that the application
makes a prima facie showing that the application satisfies the
requirements of this subsection.

An action brought pursuant to 28 U.S.C. § 2255, as in this case, subsection (h) is relevant

and provides:

(h)  A second or successive motion must be certified as provided in
section 2244 by a panel of the appropriate court of appeals to
contain --

(1)  newly discovered evidence that, if proven and viewed in light
of the evidence as a whole, would be sufficient to establish by
clear and convincing evidence that reasonable factfinder would
have found the movant guilty of the offense; or

(2)  a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable.

<u>V.  The Government's Pending Motion to Dismiss</u>

On August 10, 2012, the government filed a motion to dismiss and to deny the

7

(1:12 CV 1647 and
1:95 CR 125)

defendant's request for discovery. ECF 219. The gist of the government's motion to dismiss is anchored in the fact that the Supreme Court did not make its decision in *Missouri v. Frye, supra*, retroactive to cases on collateral review. Additionally, the government contends that two circuit courts have now ruled that *Missouri v. Frye* does not announce a new rule justifying a second or subsequent § 2255 petition.

The Court has previously denied the government's motion to transfer the petition for relief to the Sixth Circuit. ECF 216. That order is VACATED. The Court grants counsel for the petitioner leave to respond to the government's motion to dismiss and sets the deadline for such response as Friday, October 12, 2012. The government will have leave to file a reply, if it so chooses, by October 19, 2012.

The Court has made reference to the *Dabelko* case because it appears to the Court that a petitioner-defendant, such as Badley, would have been justified under the unpublished decision of the Sixth Circuit and to which reference was made by this Court's opinion in *Dabelko* to file for habeas relief based on the allegations set forth in his recent *pro se* petition. However, the Sixth Circuit's decision in *Dabelko* remanding the case to this court was unpublished. It is also seems unlikely that habeas petitioners should be charged with knowledge of this court's

8

(1:12 CV 1647 and
1:95 CR 125)

published opinion in *Dabelko*.   So what remains for consideration by counsel is whether the

government's motion to dismiss is well taken.  Consequently, the above scheduling order.

     The order for the status conference previously scheduled is VACATED.  The

petitioner's motion for discovery is not ready for resolution.

     IT IS SO ORDERED.

  September 18, 2012                      */s/ David D. Dowd, Jr.*        
Date                                     David D. Dowd, Jr.
                                      U.S. District Judge