**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:95-CR-125 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE DAN A. POLSTER |
| vs. | : | |
| | : | **MOTION FOR IMPOSITION OF A** |
| ANDRE BADLEY, | : | **REDUCED SENTENCE PURSUANT TO** |
| | : | **SECTION 404 OF THE FIRST STEP** |
| Defendant. | : | **ACT** |

Section 404 of the First Step Act of 2018, enacted on December 21, 2018, independently authorizes a district court to impose a reduced sentence for crack-cocaine convictions where the statutory penalty provisions of the Fair Sentencing Act would have applied had that Act been in effect at the time of the original sentencing. Mr. Badley moves for this Court to reduce his sentence pursuant to this Act. A memorandum in support is attached.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
Ohio Bar: 0079525
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856
Facsimile: (216) 522-4321
jeffrey_lazarus@fd.org

Attorney for Andre Badley

**MEMORANDUM**

**I.      Procedural History**

Defendant Andre Badley was indicted on March 21, 1995 for violation of two counts of drug charges. Count One alleged violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and concerned the possession with intent to distribute more than 50 grams of crack cocaine. Count Two alleged violation of 21 U.S.C. § 21 U.S.C. § 841(a)(1), (b)(1)(C), and involved the possession with the intent to distribute powder cocaine. Dkt. 6. On June 18, 1997, he was found guilty by jury of both counts of the indictment. Dkt. 116. Regarding Count One, he was alleged to have possessed 114.33 grams of crack cocaine, under 21 U.S.C. § 841(a)(1), (b)(1)(A). Based on the offense of conviction, Mr. Badley was subject to a statutory term of ten years to life. Because he had two prior felony drug convictions, his statutory sentencing penalty was increased to mandatory life in prison. *See* 21 U.S.C. §§ 841(b)(1)(A), 851 (1995). On September 18, 1997, the Honorable David D. Dowd sentenced Mr. Badley to life imprisonment, to be followed by five years of supervised release. Dkt. 128.

At Mr. Badley's sentencing hearing, Mr. Badley's counsel vigorously argued against the Court's imposition of the mandatory life sentence. In response, Judge Dowd stated he had "absolutely no fault to find with" defense counsel's position that it was hard to believe that a 24-year old with no history of violence could be sentenced to life in prison for this offense, but "[u]nfortunately, I think it's one that has to be addressed by the Congress of the United States." Sentencing Transcript, date August 18, 1997, pp. 20-21.

Since his sentence was imposed, Mr. Badley has made numerous efforts to avail himself of the various retroactive crack cocaine amendments, but has been denied each and every time. Dkt. 186, 194, 212, 223. In 2014, Mr. Badley applied for commutation of his sentence to the

President of the United States. Judge Dowd issued an order endorsing clemency for Mr. Badley. Dkt. 245. Mr. Badley has been incarcerated since February 28, 1995 and has served more than 24 years of imprisonment, in fact, 287 months.

## II. The Changes to the Statutory Penalties for Crack Cocaine offenses under 21 U.S.C. § 841

The Anti-Drug Abuse Act of 1986 imposed especially harsh statutory penalties for drug offenses involving crack cocaine. 100 Stat. 3207. Due to that act, section 841(b) to United States Code Title 21 provided, as of 1996, for three tiers of penalties for offenders convicted of distributing or conspiring to distribute crack cocaine in violation of 21 U.S.C. § 841(a) or 846. Specifically:

- Section 841(b)(1)(C) provided for a sentencing range of up to 20 years if the offense involved less than 5 grams or an unspecified amount of crack cocaine, with possible enhancement to up to 30 years with a prior felony drug conviction;

- Section 841 (b)(1)(B)(iii) provided for a sentencing range of 5 to 40 years if the offense involved "5 grams or more" but less than 50 grams of crack cocaine, with possible enhancement to 10 years to life with a prior felony drug conviction; and

- Section 841(b)(1)(A)(iii) provided for a sentencing range of 10 years to life if the offense involved "50 grams or more" of crack cocaine, with possible enhancement to 20 years to life with a prior felony drug conviction, or mandatory life with two prior felony drug convictions.

21 U.S.C. §§ 841(b), 851 (1996).

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 (the "FSA"). 124 Stat. 2372.  It did so because the Sentencing Commission and public had long concluded that the 1986 Anti-Drug Abuse Act's penalty scheme for crack-cocaine offenses was far too harsh and also had a disparate impact on African-American defendants. *See Dorsey v. United States*, 567 U.S. 260, 268-69 (2012).  Specifically, section 2 of the FSA changed the penalty structure for crack offenses, as follows:

3

- Section 841(b)(1)(C) now provides for a sentencing range of up to 20 years if the offense involved less than 28 grams or an unspecified amount of crack cocaine, with possible enhancement to up to 30 years with a prior felony drug conviction;

- Section 841(b)(1)(B)(iii) now provides for a sentencing range of 5 to 40 years if the offense involved "28 grams or more" but less than 280 grams of crack cocaine, with possible enhancement to 10 years to life with a prior felony drug conviction; and,

- Section 841(b)(1)(A)(iii) now provides for a sentencing range of 10 years to life if the offense involved "280 grams or more" of crack cocaine, with possible enhancement to 20 years to life with a prior felony drug conviction, or mandatory life with two prior felony drug convictions.

21 U.S.C. §§ 841(b), 851 (2018); *see Dorsey,* 567 U.S. at 269 (explaining effect of Section 2 of the FSA).

The FSA went into effect immediately (August 3, 2010), and, partly to more thoroughly put an end to the "disproportionate status quo," the Supreme Court held that the new penalty structure would apply to any defendant sentenced after August 3, 2010, even if the offense was committed prior to that date. *Dorsey*, 567 U.S. at 278.

Still, this remedy to the disproportionate status quo fell far short since it left intact many unjust sentences that were imposed prior to August 3, 2010 under the pre-FSA penalty structure. The First Step Act of 2018, enacted on December 21, 2018, has now created a freestanding remedy to retroactively reduce sentences of this type, and to provide a more just sentencing scheme upon all those convicted of crack cocaine offenses.

### III. Mr. Badley is Eligible for a Reduced Sentence under Section 404 of the First Step Act

Section 404 of the First Step Act permits courts to impose reduced sentences on any prisoner still serving a sentence for a crack-cocaine offense if that sentence was imposed when the pre-FSA penalty structure still applied. The Act establishes its remedy in two steps, and it clearly applies to Mr. Badley at each step.

First, the Act defines what offenses are covered by its remedy:

> Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

*See* First Step Act, Title IV, Sec. 404(a); *see also* Fair Sentencing Act. Mr. Badley's drug offenses are "covered offenses" because Section 2 of the FSA "modified" the "statutory penalties" under § 841(b) for "violation[s]" of 21 U.S.C. §§ 841(a) and 846 that involved crack cocaine. Mr. Badley's offense involved crack cocaine, and committed the violation before August 3, 2010.

Second, the Act provides the circumstances under which a district court can reduce the sentence for defendants who were previously sentenced for a "covered offense":

> Defendants Previously Sentenced:  A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id.*, Section 404(b). This provision plainly applies to Mr. Badley because this Court previously "imposed a sentence" on him "for a covered offense." Through this motion, he now moves for a reduced sentence under Section 404(b) of the First Step Act and in accordance with the FSA's reduced statutory penalties.

Third, the Act provides narrow limitations on this sentencing reduction power. The Act delineates that a court shall not entertain a motion made under Section 404 of the First Step Act to reduce a sentence "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," or "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.*, Sec.

404(b). Neither of these limitations apply to Mr. Badley, and he is currently serving a sentence of life under the pre-FSA statutory penalty structure for a crack cocaine offense, and this is his first Section 404 motion.

In summation, proving eligibility under the First Step Act is straightforward. A defendant is eligible if he was convicted of a crack cocaine offense, was sentenced when the pre-FSA statutory penalties were still in effect, and continues to serve a sentence that has not already been reduced to the post-FSA statutory penalties. Because Mr. Badley satisfies all of these requirements, the Court has the authority to impose a reduced sentence for his crack cocaine conviction.

**IV.   The Court should order a hearing for Mr. Badley to impose a reduced sentence.**

The only guidance Congress has given regarding the authorized extent of Section 404 relief is that the district court may impose a reduced sentence "as if" the FSA's reduced crack cocaine penalties "were in effect at the time the covered offense was committed." This broad grant of resentencing authority contains one implied limitation, that the court cannot impose a sentence lower than the statutory mandatory minimum applicable under the FSA – the current statutory penalties. For example, if a defendant was convicted at trial in 2009 where the jury found he distributed "50 grams or more" of crack cocaine, his post-FSA mandatory minimum sentence would be five years, because that is the post-FSA minimum for an offense involving 28 grams or more but less than 280 grams of crack. 21 U.S.C. § 841(b)(1)(B)(iii). In that case, the district court, acting pursuant to Section 404, could not reduce the defendant's sentence below five years.

Accordingly, while Mr. Badley was originally subject to a statutory penalty of ten years to life, 21 U.S.C. § 841(b)(1)(A) (1995), under the FSA, his offense involving 114.33 grams of

6

crack cocaine now subjects him to a statutory penalty of five to forty years under 21 U.S.C. § 841(b)(1)(B). With the enhancement based on his prior felony drug conviction, under 21 U.S.C. § 851, his sentence becomes ten years to life. The FSA has therefore reduced his minimum statutory term of life to ten years.

He therefore requests this Court order a hearing to impose a reduced sentence under the FSA's applicable statutory range, i.e. the current statutory penalties. Mr. Badley requests this Court order an updated presentence report so that his sentencing guidelines may be recalculated in accordance with law. At such a hearing, all the relevant statutory sentencing factors under 18 U.S.C. § 3553(a) will be addressed in order to achieve a sentence that his sufficient but not greater than necessary.

**V.      Conclusion**

Section 404 grants the district courts broad discretion to reduce sentences imposed under the excessively-harsh penalty structure that Congress has now renounced. Mr. Badley is certainly deserving of such a reduction, and he respectfully asks this Court order a hearing to impose a reduced sentence. He requests this Court order an updated presentence report and have Mr. Badley ordered to be present at said hearing, and thus the Assistant United States Attorney should be directed to file the appropriate writ to have the U.S. Marshalls transport Mr. Badley for this hearing.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
1660 W. 2nd Street
Skylight Office Tower, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856; Fax: (216) 522-4321
E-Mail: jeffrey_lazarus@fd.org

Attorney for Andre Badley

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2019, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender